**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN LASALVIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 10 C 3076 |
| | ) | |
| CITY OF EVANSTON, OFFICER GIESE, | ) | |
| OFFICER PANEK, and SERGEANT GLEW | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES the Plaintiff, KEVIN LASALVIA, by and through his attorney, BASILEIOS J. FOUTRIS, and complaining against the Defendants, CITY OF EVANSTON, OFFICER GIESE, OFFICER PANEK, and SERGEANT GLEW, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on April 5, 2010 by the Defendants.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

1

4. The CITY OF EVANSTON is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF EVANSTON was the employer of Defendants, OFFICER GIESE, OFFICER PANEK, and SERGEANT GLEW ("Defendant Officers" hereafter). The Defendant Officers were at all relevant times employed by the CITY OF EVANSTON as duly appointed police officers in the CITY OF EVANSTON acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On April 5, 2010, the Plaintiff was arrested in the City of Evanston and the State of Illinois by police officers employed by the City of Evanston. He was arrested, or his arrest was directly caused, by acts and/or omissions of the Defendants, Officer Giese and Officer Panek.

7. At the time of his arrest on April 5, 2010, without justification or provocation, Defendants Giese and Panek tackled the Plaintiff and thereafter kneed him in the back. The Plaintiff was handcuffed by Defendants Giese and Panek while he was on the ground.

8. While the Plaintiff was handcuffed and on the ground face down, without justification or provocation, and as the Plaintiff offered no resistance or threat to Defendant Giese or to Defendant Panek, Defendant Giese punched the Plaintiff on the left side of his head.

9. Defendant Panek was in the position to intervene to prevent Defendant Giese from punching the Plaintiff had he been so inclined, but he declined to do so.

10. While the Plaintiff was still on the ground, and in handcuffs, Defendant Giese angrily told the Plaintiff "Why did you make me run".

11. Immediately before he was subjected to the force described above on April 5, 2010, the Plaintiff was not violating any laws, rules or ordinances. On April 5, 2010, as the Plaintiff was subjected to the force described above, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to punch the Plaintiff during his arrest on April 5, 2010. On April 5, 2010, there was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to him.

12. Due to the punch by Defendant Giese, the Plaintiff was injured. His injuries include, but are not limited to, a tympanic membrane rupture in his left ear.

13. Due to his injury the Plaintiff asked the Defendants, Giese and Panek, to provide him with medical attention. They ignored his request. Rather than driving him to a hospital to obtain medical attention, they took him to the Evanston police station. St. Francis Hospital and Evanston Hospital were both a few minute drive from the location of the arrest.

14. When the Plaintiff arrived at the police station he once again requested medical attention as well as to speak to a supervisor. Defendant Glew eventually came to the booking area to speak to the Plaintiff.

15. The Plaintiff explained to Defendant Glew that he was punched while he was handcuffed and on the ground, and asked for medical attention.

3

16. Defendant Glew did not allow the Plaintiff to be transferred to a hospital to receive treatment until after an evidence technician was first brought to the booking area to photograph the Plaintiff's face.

17. The Plaintiff was transported to Evanston Hospital. Defendant Glew arrived at the hospital, whereupon the Plaintiff once again complained about being punched while handcuffed and on the ground. Defendant Glew responded that his officers had the right to punch the Plaintiff even though he was handcuffed and on the ground.

18. On April 5, 2010, the Defendant Officers' acts were intentional, willful and wanton.

### COUNT I- 42 U.S.C. §1983
### Excessive Force- Defendant Giese

19. The Plaintiff re-alleges Paragraphs 1 through 18, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 19.

20. As described above, Defendant Giese used excessive force during the arrest of the Plaintiff.

21. The misconduct was undertaken by Defendant Giese under color of law, under the course and scope of his employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

22. Defendant Giese's acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

23. As a direct and proximate result of Defendant Giese's acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, KEVIN LASALVIA, prays for judgment in his favor and against the Defendant, OFFICER GIESE, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### COUNT II- 42 U.S.C. §1983
### Failure to Intervene- Defendant Panek

24. The Plaintiff re-alleges Paragraphs 1 through 23, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 24.

25. Defendant Panek stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United States Constitution. Defendant Panek had a reasonable opportunity to prevent the harm referenced above had he been so inclined, but failed to do so.

26. The misconduct was undertaken by Defendant Panek under color of law, under the course and scope of his employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

27. Defendant Panek's acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

28. As a direct and proximate result of Defendant Panek's acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, KEVIN LASALVIA, prays for judgment in his favor and against the Defendant, OFFICER PANEK, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### COUNT III- 42 U.S.C. §1983
### Failure to Provide Medical Care- Defendant Officers

29. The Plaintiff re-alleges Paragraphs 1 through 28, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 29.

30. As described above, the Defendants Officers inappropriately, and in contravention of the United States Constitution, refused to provide the Plaintiff with necessary medical treatment after he was injured by Defendant Giese, even though they were aware of the need.

31. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

32. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

33. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, KEVIN LASALVIA, prays for judgment in his favor and against the Defendants, OFFICER GIESE, OFFICER PANEK, and SERGEANT GLEW, awarding compensatory damages, punitive damages, attorney fees,

and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count IV- Illinois State Law
### Battery- Giese, Evanston

34. The Plaintiff re-alleges Paragraphs 1 through 33, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 34.

35. As described above, Defendant Giese, employee of the City of Evanston, intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

36. The misconduct was undertaken by Defendant Giese under color of law, under the course and scope of his employment as a City of Evanston police officer, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

37. As a direct and proximate result of the acts of Defendant Giese, employee of the City of Evanston, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, KEVIN LASALVIA, prays for judgment in his favor and against the Defendants, CITY OF EVANSTON and OFFICER GIESE, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count V- Illinois State Law
### Abuse of Process- Giese, Evanston

38. The Plaintiff re-alleges Paragraphs 1 through 37, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 38.

7

39. As described above, Defendant Giese used force against the Plaintiff, and treated him in the manner in which he was treated, not because the Plaintiff was violating the law, but in order to punish the Plaintiff.

40. The misconduct was undertaken by Defendant Giese under color of law, under the course and scope of his employment as a City of Evanston police officer, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

41. As a direct and proximate result of the acts of Defendant Giese, employee of the City of Evanston, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, KEVIN LASALVIA, prays for judgment in his favor and against the Defendants, CITY OF EVANSTON and OFFICER GIESE, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count VI- Illinois State Law
### Indemnification - CITY OF EVANSTON

42. The Plaintiff re-alleges Paragraphs 1 through 41, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 42.

43. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

44. At all relevant times the CITY OF EVANSTON was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, KEVIN LASALVIA, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF EVANSTON, in the amounts

awarded to the Plaintiff against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff KEVIN LASALVIA
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200

Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
Attorney for Plaintiff KEVIN LASALVIA
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200