# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3076 | **DATE** | 11/21/2011 |
| **CASE TITLE** | LaSalvia vs. City of Evanston et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' motion in limine [49](Mot. No. 7) to admit evidence of Plaintiff's conviction for resisting arrest, including his attendant plea of guilty to that offense.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On May 18, 2010, Plaintiff Kevin LaSalvia brought the present six-count Complaint against Defendants City of Evanston, Police Officers Thomas Giese and Joseph Panek, and Sergeant Ryan Glew for violations of his constitutional rights, *see* 42 U.S.C. § 1983, as well as his rights under state law. *See* 28 U.S.C. § 1367(a). The Court denied Defendants' motion for summary judgment on April 15, 2011, and the case is scheduled for a jury trial to begin on January 3, 2012.

Presently before the Court is Defendants' motion in limine to admit evidence of Plaintiff's conviction for resisting arrest in connection with the events giving rise to this litigation. (R. 49, Defs.' Mot. No. 7.) For the reasons explained below, Defendants' motion is denied.

## BACKGROUND

The Court presumes familiarity with the underlying facts of this case, and incorporates herein by reference its Memorandum and Order that denied Defendants' motion for summary judgment (R. 31), and its prior orders in limine. (R. 51, 58, 63.) Most relevant to the present motion, it is undisputed that on April 15, 2010, Plaintiff was convicted in state court, upon his guilty plea, of resisting arrest, in violation of 720 ILCS 5/31-1. (Defs.' Br., Ex. 1 (certified record of conviction).) The statute under which Plaintiff was convicted states as follows: "A person who knowingly resists or obstructs the performance by one known to the person to be a police officer, firefighter, or correctional institution employee of any authorized act within his official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**DISCUSSION**

The issue before the Court is whether evidence of Plaintiff's conviction for resisting arrest is admissible at trial. The Court first considers whether the evidence is admissible as substantive evidence, and then whether it is admissible for purposes of impeachment.

**I.     Admission as Substantive Evidence**

Defendants seek to admit evidence of Plaintiff's conviction for resisting arrest as substantive evidence of the reasonableness under the Fourth Amendment of the officers' use of force. Defendants argue that whether Plaintiff was "'actively resisting arrest or attempting to evade arrest by flight'" is a relevant consideration for the jury in assessing the reasonableness of the use of force. (Defs.' Br. at 1-2 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).) Although correct, Defendants' argument does not resolve whether evidence of Plaintiff's conviction for resisting arrest, which was entered 10 days after the incident, is relevant to the reasonableness of the officers' actions at the time of Plaintiff's arrest. *See Common v. City of Chicago*, — F.3d —, 2011 WL 4975602, at *2 (7th Cir. Oct. 20, 2011) (stating that an excessive force claim must be evaluated "without the benefit of hindsight").

Nonetheless, to the extent evidence of the conviction is relevant under Rule 401, the Court concludes, as Plaintiff urges, that unfair prejudice will result from its admission, and accordingly excludes the evidence under Rule 403. *See* Fed. R. Evid. 403. Under Rule 403:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

In this case, the introduction of evidence that Plaintiff was convicted of resisting arrest, ten days after the alleged excessive force, would add little to the jury's evaluation of the reasonableness of the officers actions "at the time of the arrest." *Gonzalez v. City of Elgin,* 578 F.3d 526, 539 (7th Cir. 2009) (citation omitted). Evidence of the conviction would only establish that Plaintiff "knowingly resist[ed] or obstruct[ed] the performance by [a police officer] of any authorized act." 720 ILCS 5/31-1. The evidence would prove little, if anything, about whether Plaintiff resisted arrest forcefully, or even whether he did so at the time the officers are alleged to have used excessive force. (*See* R. 63, Order Granting in Part, Denying in Part, Defs.' Mot. in Limine, at 3.)

The conviction may be circumstantial evidence about what happened during the encounter, but its probative value in that regard is minimal, and is substantially outweighed by the danger of unfair prejudice. Indeed, presenting the jury with evidence of the misdemeanor conviction entails a substantial risk that the jury would "presume, erroneously, that police officers have unbridled license to use whatever force is necessary – even excessive force – in effectuating the arrest" of an individual who has resisted. *Berardi v. Village of Sauget*, No. 05-CV-0898, 2007 WL 433542, at *1 (S.D. Ill. Feb. 6, 2007). Such a view, of course, is not the law. *See, e.g.*, *Sallenger v. Oakes*, 473 F.3d 731 (7th Cir. 2007) (finding excessive force, where officers "continued to strike [the plaintiff] after he had stopped resisting arrest").

Moreover, informing the jury that Plaintiff was subsequently convicted of resisting arrest would invite the jury to inappropriately rely on "[k]nowledge and facts gained after the fact," namely the conviction or related guilty plea, as a basis to conclude, in retrospect, that the officers' actions were reasonable. *See Common*, 2011 WL 4975602, at *2 (noting that subsequent knowledge "has no proper place in a . . . jury's analysis" of an excessive force claim). Introduction of the evidence would likewise risk inviting the jury to give undue – or controlling – weight to the conviction, in violation of the Seventh Circuit's holding that a resisting arrest conviction is not incompatible with an excessive force claim. *See Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010).

In the exercise of its discretion, the Court denies Defendants' motion in limine to the extent it seeks to admit evidence of Plaintiff's resisting arrest conviction, including the attendant guilty plea, as substantive evidence of the officers' reasonableness. This ruling does not, however, preclude Defendants from introducing evidence that Plaintiff resisted arrest or otherwise fled from the officers at the time in question. Defendants are free to inquire into Plaintiff's actions at the relevant time, including any resistance he put up against the officers' attempts to arrest him, any force he used in doing so, and any other relevant facts.

## II. Admission for Purposes of Impeachment

The Court now turns to whether the evidence of the resisting arrest conviction is admissible for purposes of impeachment. The admissibility of prior convictions, such as the conviction at issue, is governed by Rule 609(a), which provides as follows:

> For the purpose of attacking the character for truthfulness of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a).

Applying Rule 609(a) to the present case, it is clear that the conviction is not admissible for purposes of impeachment. Resisting arrest is a simple misdemeanor under Illinois law that is punishable by a term of imprisonment of less than one year, *see* 30 ILCS 5/5-4.5-55(a); 720 ILCS 5/31-1(a), and as such, evidence of the conviction is not admissible under Rule 609(a)(1). Likewise, evidence of the conviction is not admissible under Rule 609(a)(2) because the Court cannot readily determine, nor do Defendants argue, that the elements of resisting arrest "require[] proof or admission of an act of dishonesty or false statement." Fed. R. Evid. 609(a)(2). The Court, therefore, denies Defendants' motion in limine to the extent it seeks to admit evidence of Plaintiff's resisting arrest conviction, including the attendant guilty plea, for purposes of impeachment. *See, e.g.*, *Goetz v. Cappelen*, 946 F.2d 511, 515 (7th Cir. 1991) (stating that evidence of a resisting arrest conviction is inadmissible under Rule 609 because it is neither a "felon[y] punishable by death or imprisonment in excess of one year [nor an offense involving] dishonesty or false statement").

Defendants may, however, offer evidence of Plaintiff's resisting arrest conviction if, for example, Plaintiff opens the door to that evidence, or denies, as a matter of fact, that he resisted arrest during his encounter with the police on the day in question. Before seeking to do so, Defendants must first front the issue with the Court, outside of the presence of the jury.

## CONCLUSION

The Court denies Defendants' motion in limine to admit evidence of Plaintiff's conviction for resisting arrest, including his attendant plea of guilty to that offense.