UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN LASALVIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10 C 3076 |
| | ) | |
| OFFICER GIESE, OFFICER PANEK, | ) | Judge St. Eve |
| and SERGEANT GLEW, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW ON PUNITIVE DAMAGES AND SUPPORTING MEMORANDUM

Plaintiff having completed his case-in-chief, the Defendants now move this Court pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on the issue of punitive damages. In support of this Motion, Defendants state as follows:

Whether a plaintiff has put forth enough evidence at trial to support a reasonable jury's award of punitive damages demonstrates is appropriately determined pursuant to a motion under Federal Rule of Civil Procedure 50(a)(1). *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 720 (7th Cir. 2004). "[W]here a plaintiff fails to produce evidence raising a material question of fact regarding aggravating circumstances or the reckless or callous nature of the defendant's actions," judgment as a matter of law is appropriate. *Kyle v. Patterson*, 196 F.3d 695, 698 (7th Cir. 1999). Under Rule 50(a), a motion for judgment as a matter of law may be made "at any time before the case is submitted to the jury." Because the issues relating to the availability of punitive damages have now been "fully heard," *see id.*, Defendants respectfully request this court to resolve the issue of the availability of punitive damages in favor of Defendants and against Plaintiff.

1

The scope of punitive damages in § 1983 actions is controlled by a federal common law of damages imposing uniformity in enforcing the Civil Rights Acts. *Coulter v. Vitale,* 882 F.2d 1286, 1289 (7th Cir. 1989). The federal courts have determined that punitive damages are available under § 1983 to punish "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law." *Smith v. Wade*, 461 U.S. 30, 51 (1983); *Erwin v. County of Manitowoc,* 872 F.2d 1292, 1299 (7th Cir. 1989). See also *Marshall ex rel. Gossens v. Teske*, 284 F.3d 765, 772 (7th Cir. 2002) (holding that a jury may award punitive damages in a § 1983 case if it finds that the defendants' conduct was motivated by evil intent or callous indifference to the plaintiff's federally protected rights); *Hagge v. Bauer*, 827 F.2d 101, 110 (7th Cir. 1987) ("Punitive damages are appropriate when the defendant acted wantonly and willfully, or was motivated in his actions by ill will or a desire to injure."). In short, an award of punitive damages in a § 1983 case requires "malice or reckless indifference" on the part of the individuals against whom the damages are awarded. *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 538-540 (1999).

Plaintiff simply failed to adduce sufficient evidence of any defendant's malicious state of mind to submit the issue of punitive damages to the jury. Plaintiff has barely presented a basis for holding Sergeant Glew liable for *anything*: at most, Glew shared responsibility for a delay of mere minutes in transporting Plaintiff to the hospital *after he had already received medical attention* from the paramedics. Moreover, absolutely no evidence contradicts the testimony that the short wait was necessitated in order to complete Plaintiff's booking, take photographs, and secure a two-man squad car to accompany the ambulance. Documenting the arrest and the purported injury, ensuring the safety of the arrestee and medical personnel, and swiftly

completing the booking process are legitimate all law enforcement reasons for any brief delay in leaving for the hospital. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995) ("two-hour delay while between the time of the injury and the time he was taken to the hospital" not unreasonable where "the wait occurred because the corrections officers needed to get Sheriff Walker's permission to take him to the hospital"). Thus, there is no basis on which a reasonable jury could find that Glew was *not* seeing to legitimate police functions, but rather that he acted maliciously or with complete indifference to Plaintiff's rights.

Likewise, Plaintiff's case against Defendants Panek and Giese for failure to provide medical care contains no evidence whatsoever of malicious or reckless intent. Even if the jury were to credit Plaintiff's testimony that Plaintiff began asking for medical care immediately after his arrest at 7:13 p.m., he received medical care when the paramedics arrived to treat him at 8:17 p.m. This can hardly be viewed as a "delay," let alone an unreasonable one. *See Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009) ("[A]t most two and a half hours passed between the injury…and the treatment. ***An unincarcerated individual may well consider oneself fortunate if he receives medical attention at a standard emergency room within that short of a period of time.***") (emphasis added). Given the unquestionable timeline, no jury could reasonably conclude that the officers were deliberately or recklessly trying to deprive Plaintiff of treatment. Moreover, trial evidence established that there was nothing that could have been done for Plaintiff by getting him to a hospital any sooner. He ultimately received no treatment, not even over-the-counter pain medication, for his ear. This underscores not only the fact that Plaintiff was no worse off for any brief delay, but also that his injury simply was not a serious one requiring medical intervention. Indeed, Plaintiff himself, as well as Dr. Norris and Sgt. Glew, testified that Plaintiff waited at the hospital to be examined—surely not a factor within the

control of the individual police officer defendants. Finding Panek and Giese (let alone Glew) liable under these circumstances would be a stretch, and imposing punitive damages would be patently unreasonable. *Pearson v. Ramos*, 237 F.3d 881, 886-887 (7th Cir. 2001) ("The criteria for imposing punitive damages in a civil rights case . . . were not remotely satisfied here. Indeed, there isn't enough evidence of the state of mind of the defendant to justify a finding of liability."). Therefore this Court should grant judgment as a matter of law for defendants as to punitive damages on the medical-care claims.

Plaintiff has also failed to set forth any evidence that Giese used force with malicious intent or reckless indifference to Plaintiff's constitutional rights. Giese admits punching Plaintiff on the side of his head, and striking Plaintiff's ear as a result. However, there is no evidence on which the jury could reasonably conclude that Giese acted with the evil intent required to impose punitive damages. Both Giese and Panek testified that Plaintiff refused to present his hands to the officers and otherwise ignored their commands. Plaintiff himself never testified that he presented his hands for handcuffing or otherwise complied with the officers' commands, although he says he was not "resisting," in his own opinion. Moreover, Plaintiff's speculation that Officer Giese struck him out of anger or annoyance is just that. Plaintiff's conjecture is not evidence of Officer Giese's state of mind, particularly given Giese's testimony to the contrary. In short, there is a total absence of evidence of malicious intent or callous disregard by Officer Giese as to the use of force, and copious contrary evidence. Thus no reasonable jury could award punitive damages against him.

The case for punitive damages against Officer Panek for allegedly failing to intervene is even weaker. Again, the officers' own admissions that Giese struck Plaintiff and that Panek did not stop it might provide just enough evidence to permit the jury to consider liability, but they

emphatically do not provide any basis for punitive damages. There is no evidence whatsoever as to Officer Panek's malicious or reckless state of mind. But there is evidence Panek did not know in advance whether, and what kind of, force would be applied by Giese. Panek was concerned with effectuating the arrest and ensuring the safety of all involved, according to uncontradicted testimony. How Panek's alleged, passive failure to act—rather than an affirmative act—could evince malice is in itself a mystery that Plaintiff has never explained, let alone supported with any case law or evidence.

Certainly it is also relevant to the claims against Giese and Panek that there is abundant evidence that Plaintiff struggled with the police leading up to the use of force. *Stachniak v. Hayes*, 989 F.2d 914, 929 (7th Cir. 1993) ("The jury obviously concluded that the officers used excessive force in reacting to Stachniak's efforts to resist arrest, but the jury was unpersuaded that their conduct was so egregious as to render punitive damages appropriate."). However, unlike in *Stachniak*, in this case there is so little evidence that could support an award of punitive damages that the issue need not go to the jury at all.

Indeed, "[p]unitive damages are never awarded as a matter of right; the finder of fact, after reviewing the entire record, is called upon to make a 'moral judgment' that the unlawful conduct warrants such an award to punish the wrongdoer and deter others." *Kyle v. Patterson*, 196 F.3d 695, 697-98 (7th Cir. 1999) (citations omitted). But here, the Court would essentially allow punitive damages as a matter of right if it permitted the jury to award them upon finding any of the defendants liable— because Plaintiff presented no evidence beyond that which goes to liability, such as competent evidence of defendants' states of mind or motives. As in *Pearson*, *Kyle*, and *Stachniak*, any award of punitive damages would be a legal error requiring intervention by the appellate court.

"Punitive damages are appropriate in § 1983 cases if the judge finds 'conduct motivated by evil intent or callous indifference to the federally-protected rights of plaintiffs,'" *Graham v. Satkoski*, 51 F.3d 710, 714 (7th Cir. 1995)— and *only* then, see *Kyle*, 196 F.3d at 697. Given the absence of evidence, they cannot be awarded here.

WHEREFORE, Defendants respectfully move this Court to grant judgment as a matter of law in their favor and against Plaintiff on the issue of punitive damages.

Respectfully submitted,

**CITY OF EVANSTON, OFFICERS THOMAS GIESE and JOSEPH PANEK, and SERGEANT RYAN GLEW**

By:   /s/ Katherine Agonis
       One of their attorneys

W. Grant Farrar, Corporation Counsel # 6255911
Katherine Agonis, Assistant City Attorney # 6285610
2100 Ridge Avenue, Suite 4400
Evanston, IL 60201
(847) 866-2937
(847) 448-8093 (fax)
kagonis@cityofevanston.org

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that that on January __, 2012 the foregoing Motion for Judgment As A Matter of Law was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, of which Plaintiff's counsel of record, Basileios J. Foutris, is a registered CM/ECF user. The motion was served by hand-delivery as well.

                                                           /s/ Katherine Agonis
                                                           Katherine Agonis #6285610